UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   11CV5961(KAM)(CLP)
DONNA BINGERT and ALAN BINGERT,
Individually and as Co-Administrators of
the Estate of ZACHARY BINGERT, Deceased.

                                Plaintiffs,                  **AMENDED**
                                                                **COMPLAINT**
   -against-

                                                                **Jury Trial Demanded**

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
SGT. STEVEN BENNETT, P.O. WESTLEY DUNBAR
and P.O. RAYMOND NAPPI,

                              Defendants.
------------------------------------------------------------X

      Plaintiffs, as and for a Complaint, allege as follows at all times hereinafter mentioned, upon information and belief:

## JURISDICTION

1. That at all times hereinafter mentioned, plaintiffs bring this suit pursuant to 42 U.S.C.A. §1981, §1983, §1985, §1986 and §1988; the United States Constitution and the laws of the State of New York. This court has jurisdiction pursuant to 28 U.S.C.A. §1331 and §1343.

2. Plaintiffs further invoke the supplemental jurisdiction of this court to adjudicate pendant state law claims pursuant to 28 U.S.C.A. §1367.

3. The amount in controversy exceeds the sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

1

4. Venue is properly laid in the United States District Court for the Eastern District of New York because the incident arose in the Eastern District of New York.

5. Plaintiffs demand a trial by jury on all causes of action set forth herein.

**PARTIES**

6. Plaintiffs are residents of the State of New York.

7. Plaintiff Donna Bingert resides at 64-49 Shaler Avenue, Glendale, New York and is the mother of decedent, Zachary Bingert.

8. Plaintiff Alan Bingert resides at 59-39 Palmetto Street, Ridgewood, New York and is the father of decedent, Zachary Bingert.

9. Decedent, Zachary Bingert, resided with his mother at 64-49 Shaler Avenue, Glendale, New York, at the time of the occurrence set forth herein.

10. Defendant, The City of New York, was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

11. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees, owned, maintained, controlled and operated The New York City Police Department (hereinafter referred to as N.Y.P.D.)

12. That at all times hereinafter mentioned, defendants trained, supervised and disciplined police officers in the N.Y.P.D.

## NOTICE OF CLAIM

13. That within 90 days of the date of the occurrence set forth hereinbelow, and more particularly, on March 7, 2011, a duly verified notice of claim was served on the City of New York and the New York City Police Department, setting forth the information required by statute; that more than 30 days have elapsed since service of said notice of claim and defendants have failed to pay or adjust said claim; that a statutory hearing of each plaintiff was conducted on May 5, 2011; and that this action has been commenced within 1 year and 90 days of the date of occurrence.

## FIRST CAUSE OF ACTION

14. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees operated, managed, maintained and controlled the N.Y.P.D. 104th precinct, located at 64-2 Catalpa Avenue, Queens, New York, 11385.

15. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees, employed each of the police officers assigned to the N.Y.P.D. 104th precinct.

16. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees, hired, trained and supervised each of the police officers assigned to the N.Y.P.D. 104th precinct.

17. That on December 22, 2010, and at the time of the incident set forth herein, plaintiffs' decedent, Zachary Bingert, was lawfully present in his home, located at 64-49 Shaler Avenue, Glendale, New York.

18. That on December 22, 2010, at approximately 9:30, P.M., in decedent's residence located at 64-49 Shaler Avenue, Glendale, New York, at least one sergeant and two police officers from the NYPD 104th precinct, while acting in the course and scope of their employment by the N.Y.P.D., fired approximately 8 shots from their service weapons into the head, torso and extremities of the decedent, Zachary Bingert, resulting in his death.

19. That on December 22, 2010, SGT. STEVEN BENNETT fired his service weapon into the head, torso and extremities of the decedent, Zachary Bingert, resulting in his death.

20. That on December 22, 2010, P.O. WESTLEY DUNBAR fired his service weapon into the head, torso and extremities of the decedent, Zachary Bingert, resulting in his death.

21. That on December 22, 2010, P.O. RAYMOND NAPPI fired his service weapon into the head, torso and extremities of the decedent, Zachary Bingert, resulting in his death.

22. That the aforesaid shooting was without probable or sufficient cause.

23. That the aforesaid shooting was wanton, reckless and unjustified.

24. That the aforesaid shooting was without reason or provocation.

25. That the aforesaid shooting was performed knowingly, intentionally and willfully.

26. That the aforesaid shooting was performed negligently and recklessly.

27. That the aforesaid shooting constitutes the use of excessive force.

28. That the aforesaid shooting constitutes assault and battery.

29. That at no time during the aforesaid shooting did the offending police officers have probable cause for the discharge of their firearms.

30. That at no time during the aforesaid shooting were the offending police officers threatened with deadly force.

31. That each of the offending police officers discharged their firearms within the scope of their employment by the N.Y.P.D. and/or the City of New York.

32. That the defendants are liable for the negligent acts and omissions of the offending police officers under the doctrine of respondeat superior.

33. That the aforesaid shooting occurred under color and authority of law.

34. That the aforesaid shooting deprived the decedent of his rights under the United States Constitution, the New York State Constitution, the Laws of the State of New York, the 14th Amendment to the United States Constitution, the United States Code, the laws, statutes, ordinances, rules and regulations of the City of New York.

35. That the aforesaid shooting was in violation of the rules, regulations, guidelines, policies and procedures of the New York City Police Department.

36. That the offending police officers were improperly trained.

37. That the offending police officers were improperly and negligently supervised.

38. That the offending police officers were improperly and negligently equipped.

39. That the aforementioned police shooting was without any pretense of legal process, was wrongful and unlawful, constituted excessive force and police brutality, all in violation of the rules and regulations of the N.Y.P.D., and the decedent's civil and Constitutional rights.

40. That the aforesaid occurrence was due to the negligence of the defendants, their respective agents, servants and/or employees, in the ownership, operation, management, maintenance and control of the N.Y.P.D., in failing to properly hire, train and supervise the offending members of the N.Y.P.D., in causing, permitting

and allowing the offending police officers to shoot and kill plaintiffs' decedent without just and probable cause, in violation of the Constitutional and Civil Rights of the decedent and in that they were careless, reckless and negligent in other respects.

41. That the aforesaid police shooting deprived the plaintiffs' decedent of his rights:

(a) not to be deprived of his liberty without due process of law;

(b) not to have summary punishment imposed upon him by police officers acting under color of law;

(c) not to have excessive and unnecessary force used against him by police officers acting under color of law;

(d) to equal protection of the laws;

All in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. sections 1981, 1983 and 1985(3).

42. That defendants, having caused the violations of plaintiffs' decedent's legal and civil rights as described above, are liable to plaintiff under 42 U.S.C.A. 1983 and the First, Fourth, Fifth and Fourteenth Amendments.

43. That defendants, having employed the offending police officers described hereinabove and having clothed them with the authority of law, are liable to plaintiffs under 42 U.S.C 1981 and the First, Fourth, Fifth and Fourteenth Amendments.

44. That as a result of the aforesaid occurrence, the plaintiffs' decedent sustained multiple gunshot wounds to the head, torso and extremities as evidenced by perforations of the heart and brain resulting in his death, conscious pain and suffering, pre-death pain, suffering, horror, fear and anxiety.

45. That as a result of the aforementioned occurrence, plaintiffs' decedent has sustained monetary damages in a sum that exceeds the monetary jurisdiction of all lower courts which would otherwise have jurisdiction herein.

## SECOND CAUSE OF ACTION

46. Plaintiffs, Donna Bingert and Alan Bingert, repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "45" inclusive with the same force and effect as if fully set forth at length herein.

47. That by reason of the foregoing acts and omissions of defendants, their agents, servants and/or employees, plaintiffs' decedent, Zachary Bingert, died on December 22, 2010.

48. That the decedent, Zachary Bingert left surviving next of kin and distributees at law.

49. That as a result of the foregoing, decedent's surviving next of kin and distributees at law have sustained damages in an amount which exceeds the jurisdiction of all lower courts which might otherwise have jurisdiction herein.

### THIRD CAUSE OF ACTION

50. Plaintiffs, Donna Bingert and Alan Bingert, repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "45" and "46" through "49" inclusive, with the same force and effect as if fully set forth at length herein.

51. That at all times hereinafter mentioned, plaintiffs Donna Bingert and Alan Bingert were the parents of decedent, Zachary Bingert, and were entitled to his services, society, companionship and support.

52. That as a result of the wrongful death of their son as aforesaid, plaintiffs Donna Bingert and Alan Bingert have been deprived of their son's services, society, companionship and support, in a sum that exceeds the monetary jurisdiction of all lower courts which might otherwise have jurisdiction herein.

WHEREFORE, plaintiffs demand judgment against defendants in such sums as a jury would find fair, adequate and just, together with attorney fees, interest, costs and

disbursements.

Dated: New York, New York
       February 28, 2012

                                        RICH & RICH, P.C.
                                        Attorneys for Plaintiffs
                                        30 Vesey Street
                                        New York, New York 10007
                                        (212) 406-0440

                                        By: _____
                                        JEFFREY M. RICH (JR-7895)
                                        jeffrichesq@mindspring.com

To:    Michael A. Cardozo, Esq.
       Corporation Counsel of the
       City of New York
       Attorney for defendant, The City of New York
       100 Church Street
       New York, NY 10007

10